U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

## ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 16, 2009**                        **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MOTION MARKETING SOLUTIONS, INC., | § | |
| Debtor. | § | CASE NO. 06-44132 |
| | § | |

| | | |
|---|---|---|
| JOHN DEE SPICER, | § | |
| Trustee, | § | |
| | § | |
| v. | § | ADVERSARY NO. 08-04112 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| INTERNAL REVENUE SERVICE, | § | |
| Defendant. | § | |

### MEMORANDUM OPINION

Before the court are  *Plaintiff's Motion for Summary Judgment to Avoid the*

*Perfection of a Statutory Lien filed by the United States Internal Revenue Service*

("*Plaintiff's MSJ*") filed by John Dee Spicer, trustee (the "Trustee") in the chapter 7 case

of Motion Marketing Solutions, Inc. ("Debtor"); and *Defendant's Cross-Motion for*

*Summary Judgment to Determine that the Perfection of the Lien by the IRS is Not Avoidable by the Trustee* (the "Cross-Motion" and together with Plaintiff's MSJ the "Motions") filed by the Internal Revenue Service ("IRS"), the defendant in this adversary proceeding.

The court held a hearing on Plaintiff's MSJ and the Cross-Motion on February 10, 2009, at which time it heard argument from the Trustee and the IRS.  In anticipation of the February 10 hearing, both the Trustee and the IRS had filed briefs in support of their respective positions.  Following the hearing, with the court's permission, the Trustee filed an additional letter brief.

These matters are subject to the court's core jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(F).  This memorandum opinion constitutes the court's findings and conclusions.  Fed. R. Bankr. P. 7052.

## I. Background

The facts pertinent to this adversary proceeding are not disputed.  Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code (the "Code")[1], on November 22, 2006.  On March 23, 2007, the IRS filed a claim for $233,021.27 for tax liabilities.  The IRS's claim is filed as partially secured[2], the IRS claiming a lien on Debtor's accounts receivable.

The Trustee asserts that the IRS's notice of lien is avoidable as a preference which in turn would make the IRS's lien subject to the Trustee's strong-arm powers.  The IRS's

---

[1]   11 U.S.C. §§ 101 *et seq.*

[2]   Code § 506(a)(1) provides that a claim "secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property."  11 U.S.C. § 506(a)(1) (2009).  The IRS filed a claim that purports to be secured by Debtor's property (accounts receivable) to the extent of the estate's interest in the property.

lien arose pursuant to 26 U.S.C. § 6321 of the Internal Revenue Code of 1986 (the "IRC")[3] for unpaid federal withholding and social security taxes for all four quarters of 2005 and for unpaid federal unemployment taxes for the first quarter of 2006. Following assessment of the taxes on or prior to March of 2006, on October 2, 2006, approximately seven weeks before Debtor's chapter 7 filing, the IRS filed its notice of lien pursuant to IRC § 6323 with Johnson County and the office of the Texas Secretary of State (this event will sometimes be referred to as the "Perfection"). According to its Schedule B filed in the underlying bankruptcy case, at the time the case was commenced Debtor had personal property worth $288,642, including $199,542 in accounts receivable to which the IRS's lien had attached. The Trustee initiated this adversary proceeding against the IRS aiming to avoid the Perfection as a preferential transfer pursuant to Code § 547(b) and then to defeat the IRS's lien pursuant to the Trustee's strong arm powers under Code § 544(a).

## II. Positions Asserted by the Parties

Disposition of the issue before the court turns on the application of Code § 547(c)(6) to the IRS's lien. Stated simply, the IRS maintains that its lien cannot be avoided because it is statutorily perfected and so is protected by Code §§ 545(2) and 547(c)(6). On the other hand, the Trustee argues that, by reason of using the term "fixing," section 547(c)(6) does not apply to the Perfection. Thus, the Trustee claims that he can use section 547(b) to avoid the Perfection and then section 544(a) to defeat the lien itself.

---

[3]     26 U.S.C. §§ 1 *et seq.*

A.    *The Trustee*

In the complaint initiating this adversary proceeding, the Trustee asserts that he has the power to avoid the Perfection as a preferential transfer pursuant to section 547(b). The Trustee alleges that the Perfection was a "transfer" under the Code because it was to or for the benefit of a creditor (the IRS), for or on account of an antecedent debt, made while Debtor was insolvent, within 90 days before the date of filing of the petition, that enabled the IRS as a creditor to receive more than it would have received under chapter 7 if such transfer had not been made.  According to the Trustee, section 547(c)(6), which provides an affirmative defense to a preference complaint, only prevents the trustee from avoiding a transfer that is "the fixing of a statutory lien not avoidable under section 545 of this title."  11 U.S.C. § 547(c)(6).  The Trustee argues that the word "fixing" in section 547(c)(6) refers to the initial creation of a statutory lien— the attachment of the lien, here the event of assessment as a result of which, per IRC § 6321, the IRS obtained lien rights against Debtor.  "Fixing," as used in section 547(c)(6), the Trustee argues, cannot include the perfection of a statutory lien because of the plain language of the statute.  The Supreme Court, the Trustee asserts, in the context of construing Code § 522(f), defined the word "fixing" in a way that excludes the perfection of a lien.  The Trustee also argues that including perfection in the term "fixing" would render the words in section 547(c)(6) "not avoidable under section 545" unnecessary surplusage, and making section 547(b) redundant of section 545.

The Trustee further argues that an interpretation that would include perfection within the term "fixing" would result in the IRS obtaining a "secret lien," which the Code

abhors. Finally, the Trustee maintains that principles of equity require this court to adopt his interpretation of section 547(c)(6).

Having disposed of section 547(c)(6), the Trustee claims that he may avoid the Perfection under section 547(b), as he might avoid any other transfer that effects perfection of a lien securing antecedent debt. With the Perfection avoided, the IRS is subject to the limitations of IRC § 6323(a), which provides that a lien arising under IRC § 6321 is not effective against prior lien holders absent perfection through filing of a notice of lien. Because Code § 544(a) gives a trustee the powers of a prior lien holder, the Trustee argues he is able to assert his strong-arm powers to defeat the IRS's lien.

The Trustee's entire argument hinges on the use of section 547(b) to avoid the Perfection. That, in turn, depends on whether section 547(c)(6) protects the IRS against such avoidance. While the court finds the Trustee's logic and ingenuity beguiling, it does not agree with his reading of the statute.

B.    *The IRS*

The IRS points to the virtually unanimous conclusion reached by courts faced with a trustee's attempt to avoid a statutory lien perfected prepetition. Specifically, the IRS asserts that under section 547(c)(6), a trustee may not avoid a statutory lien that is not avoidable under Code § 545. Code § 545(2) provides that a statutory lien perfected prior to commencement of a debtor's bankruptcy case is not avoidable by a trustee. Therefore, the IRS argues, a statutory lien perfected at any point prior to the commencement of the debtor's bankruptcy case is not subject to the trustee's power to avoid preferential transfers under section 547(b).

The cases cited by the IRS, with greater or less analysis, all applied this approach in situations where a trustee attempted to avoid a statutory lien perfected prior to the commencement of the bankruptcy case.  *See, e.g.*, *In re Newton*, 2006 WL 5692759 at *1 (Bankr. M.D. Pa. 2006) (holding that a statutory lien perfected prior to commencement of the bankruptcy case is not subject to a trustee's power to avoid preferential transfers under section 547(b) and citing several other cases that have come to the same conclusion).

### III. Issue

The focus of the parties' dispute, then, is on whether section 547(c)(6) effectively insulates the IRS's lien from attack under section 547(b)[4].  Specifically, the court must focus on whether, as the Trustee claims, section 547(c)(6), by being limited to the "fixing of a statutory lien," does not protect against avoidance of the recordation by the IRS of its notice of lien.  If the Trustee is correct, and recordation by the IRS is avoidable as a preference, the IRS's lien will no longer be valid as against lien creditors and will be subject to the trustee's strong-arm powers provided by Code § 544(a).[5]

### IV. Discussion

A.    *Standard for Summary Judgment*

The parties seek summary judgment pursuant to Fed. R. Civ. P. 56(c) in the Motions.  Summary judgment under Rule 56(c), made applicable to adversary

---

[4]    Although most if not all of the IRS's claim would be entitled to priority over unsecured claims (see Code §§ 507(a)(8) and 726(a)(1)), Debtor's estate is probably administratively insolvent. Thus, the IRS would receive less as an unsecured priority creditor than as a secured creditor.

[5]    In Plaintiff's MSJ, the Trustee also seeks recovery of a post-petition transfer to the IRS.  The court understands this dispute to be moot as the amount involved has already been turned over to the Trustee by the IRS.  All of the Trustee's other claims are dependent upon his construction of section 547(c)(6).

proceedings in bankruptcy by Fed. R. Bankr. P. 7056, is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In the case at bar, there is no disagreement as to the facts and so summary judgment is appropriate. The issues presented in the Motions for determination are dispositive of this adversary proceeding.

      B.    *The Plain Meaning of Sections 547(c)(6) and 545(2)*

In deciding whether the Trustee may avoid the IRS's perfection of its statutory lien, the court first looks to the plain language of the relevant provisions of the Code. *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) (holding that the starting point in analysis of the Code is the existing statutory text, and when a statute's meaning is plain, the sole function of the court is to enforce the statute according to its terms); *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989); *Caminetti v. United States*, 242 U.S. 470, 485 (1917).

Section 547(b) provides,

> Except as provided in subsection (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
> (1)    to or for the benefit of a creditor;
> (2)    for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3)    made while the debtor was insolvent;
> (4)    made—
> (A)    on or within 90 days before the date of the filing of the petition; or
> (B)    between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5)    that enables such creditor to receive more than such creditor would receive if—
> (A)    the case were a case under chapter 7 of this title;
> (B)    the transfer had not been made; and
> (C)    such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b) (2009). Because the IRS's lien was perfected within 90 days of Debtor's bankruptcy filing, securing an antecedent debt, and because the lien will result in the IRS receiving a greater return than it would in Debtor's chapter 7 case, the lien is clearly a transfer (*see* Code § 101(54)) that falls within Code § 547(b). However, the plain language in section 547(b) expressly limits the trustee's power to avoid the lien if subsection (c) is applicable. *Id*.

Section 547(c)(6) provides that the trustee may not avoid a transfer "that is the fixing of a statutory lien that is not avoidable under section 545 of this title." 11 U.S.C. § 547(c)(6). A statutory lien is a "lien arising solely by force of a statute on specified circumstances or conditions." 11 U.S.C. § 101(53). There can be no dispute that a tax lien assessed under IRC § 6321 falls within the Code's definition of a statutory lien. *See In re Carolina Resort Motels, Inc.,* 51 B.R. 447, 450 (Bankr. D. S.C. 1985) (quoting Congress's stated intent that tax liens be included in the definition of statutory liens, cited in H.R. Rep. 95-989 (1978), *reprinted in* 1978 USCCAN 6271). Thus, if the IRS's lien (including the Perfection) is not avoidable under section 545, the lien is protected from avoidance under section 547(b) as well.

Section 545 describes statutory liens that the trustee may avoid. Section 545 reads, in relevant part:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
> (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists, except in any case in which a purchaser is a purchaser described in section 6323 of the Internal Revenue Code of 1986, or in any other similar provision of State or local law.

*Id*.  With respect to a federal tax lien arising under IRC § 6321, perfection that makes the lien enforceable against a bona fide purchaser occurs at the point notice is filed in conformity with IRC § 6323(f). [6]  IRC § 6323(a).

A straightforward reading of sections 545 and 547(c)(6) leads to the conclusion that if a statutory lien has been perfected so as to be enforceable against a bona fide purchaser at any point prior to the commencement of the bankruptcy case, it cannot be avoided by the trustee.  Courts have applied this straightforward reading when deciding cases in which the trustee has attempted to avoid a statutory lien perfected prepetition but within 90 days of commencement of the bankruptcy case.  *See Carolina Resort Motels, Inc.,* 51 B.R. at 450;  *In re Wiles*, 173 B.R. 92, 93 (M.D. Pa. 1994); *In re Newton*, 2006 WL 5692769 at *1 (Bankr. M.D. Pa. 2006); *In re J.B. Winchells, Inc.*, 106 B.R. 384, 390-91 (Bankr. E.D. Pa. 1989).  Specifically, courts have consistently held that if the statutory lien was perfected so as to be valid against bona fide purchasers[7] at any time before commencement of the case, the lien is not avoidable by the trustee pursuant to section 545(2).  *See, e.g., In re Lionel Corp.*, 29 F.3d 88, 94 (2nd Cir. 1994).  If the statutory lien is not one avoidable under section 545, it is outside of the trustee's power to avoid as a preferential transfer by reason of section 547(c)(6).  *Id*.

In this case, the IRS filed its notice in conformity with IRC § 6323(f) (the Perfection) and thus holds a properly perfected statutory lien pursuant to IRC § 6323(a).

---

[6]     Section 6323(a) of the IRC requires that for a lien assessed under section 6321 of the IRC to be enforceable against subsequent bona fide purchasers, notice of the lien must be filed in conformity with the provisions under section 6323(f) of the IRC.  *See* 26 U.S.C. § 6323(a).

[7]     The Bankruptcy Abuse Prevention and Consumer Protection Act passed in 2005 added the clause at the end of section 545(2), which appears to create an exception to the requirement that the statutory lien be valid against a bona fide purchaser in order to be unavoidable.  Because the court concludes that in any event the IRS's lien was perfected at case commencement against a bona fide purchaser, it need not address the effect of the added clause.

The Perfection occurred on October 2, 2006, 50 days before Debtor's bankruptcy filing. Therefore, according to the plain language of the Code, the IRS has a lien that is not avoidable under Code § 545(2). Because the IRS's lien fulfills the only requisite to exemption from avoidance pursuant to section 547(c)(6), the plain language of the Code would seem to provide that the IRS's lien is exempt from the Trustee's power to avoid preferential transfers.

C.    *The Trustee's Interpretation of Section 547(c)(6)*

The Trustee, however, argues that the term "fixing" in section 547(c)(6) is different from the term "perfecting" and that the fixing of a statutory lien does not include its perfection.[8] The Trustee's argument is in part based on the Supreme Court's interpretation of the term "fixing" in *Farrey v. Sanderfoot*. Also, the Trustee argues that if he cannot avoid perfection of a statutory lien because perfection is exempt from avoidance under section 547(c)(6), there would be no circumstance in which a statutory

---

[8]    The Trustee argues that, had Congress intended in section 547(c)(6) to refer to "perfection" of a statutory lien, it would have used that word as it did in, e.g., section 547(c)(3)(B). As discussed below, the court concludes "fixing" to be broad enough to include perfection as well as other steps in the establishing of a lien. Some statutory liens – for example, some artisans' liens – may be perfected post-petition (see Code §§ 362(b)(3) and 546(b)), so a reference to "perfection" only in section 547(c)(6) would leave those liens vulnerable to attack under section 547(b). Thus, if Congress intended to protect statutory liens of that sort, it could not have used in section 547(c)(6) the more limited term "perfection."

Moreover, had Congress used the word "perfection," as the Trustee suggests would have been the case if Congress had meant in section 547(c)(6) to protect perfection of a statutory lien during the preference period, then the initial creation of the lien – i.e., its attachment to the debtor's property – would be subject to attack. If, for example, the IRS had created its lien for back taxes by an assessment during the preference period, perfection of that lien would not have helped the IRS if the perfection, but not the creation of the lien, were protected by section 547(c)(6). Just as a consensual lien granted during the preference period for antecedent debt is subject to avoidance regardless of when it is perfected, so, too, a statutory lien securing taxes accruing in the past that first attached during the preference period would be avoidable.

lien would be avoidable under section 547(b), but not section 545, thus rendering the reference to section 545 unnecessary.

The court finds the Trustee's arguments unpersuasive.

In *Farrey*, the Supreme Court held that the term "fixing" means to "fasten liability to." *Farrey v. Sanderfoot*, 500 U.S. 291, 296 (1991). The Court's definition came from Black's Law Dictionary, 6th Edition. *Id*. (citing the definition in Black's Law Dictionary (6th Ed. 1990) of "fix").[9] The Supreme Court used this definition to support its conclusion that Congress's use of the word "fixing" in Code § 522(f)(1) presupposes the existence of property to which liability may fasten. *Id*.

The Trustee asserts that *Farrey* requires the court to read "fixing" as limited to the fastening or attaching of liability. The Trustee thus argues that that event of "fixing" of the IRS's lien, *vis-à-vis* Debtor, occurred upon assessment and that it is that event that is excepted from avoidance as preferential. By extension, the filing of the notice of lien, the Perfection, is not included within the fixing of the IRS's lien and so may be avoided under section 547(b).

But nothing in *Farrey* requires that the court construe the "fixing" of a lien as limited to its attachment to the underlying collateral *vis-à-vis* the debtor. Neither section 522(f)(1) nor section 547(c)(6) requires so limited a reading of the term "fixing." Reading the term "fixing" to include events other than the attaching of liability is not inconsistent with any provision of the Code or the Court's discussion in *Farrey*. The court is of the opinion that Congress intended the term "fixing" to be broad enough to cover several events in the establishing of a lien.

---

[9]     The 7th edition of Black's Law Dictionary omitted the definition of "fix" cited by the Supreme Court in *Farrey*.

Indeed, it is clear that Congress's use of the word "fixing" in section 522(f)(1), the section addressed in *Farrey*, was meant to include the perfection of a lien.  In enacting section 522(f)(1), Congress specifically stated that it wanted to give the debtor the right to "undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy." H.R. Rep. 95-595, 127 (1978) *reprinted in* 1978 USCCAN 6271. Congress intended that section 522 give a debtor his or her exemptions even if the "creditor beats the debtor into court." *Id*.  The leading treatises on bankruptcy, Collier on Bankruptcy and Norton Bankruptcy Law and Practice, both indicate that section 522(f)(1) gives the debtor the ability to avoid perfected as well as unperfected liens. *See* 4 Collier on Bankruptcy ¶ 522.11 (15th ed. rev. 2009); 3 Norton Bankruptcy Law and Practice ¶ 56.29 (3rd ed. 2009).  Because all sources available, including the legislative history of section 522(f)(1) and the leading treatises, support the conclusion that Congress intended to reach *all* liens against exempt property, whether or not perfected, this court concludes that the term "fixing" in section 522(f)(1) includes the act of perfection of a lien.

Moreover, Code § 522(h) suggests that the term "fixing" in section 522(f)(1) includes the perfection of a lien.  Excluding perfection of a lien from the term "fixing" in section 522(f)(1), as the Trustee urges, would make section 522(f)(1)(B)(i) duplicative of section 522(h) because section 522(f)(1)(B)(i) would not give a debtor any power he or she does not have under section 522(h).  Section 522(h) provides for the avoidance by a debtor of liens against exempt property that a trustee might have avoided as, *inter alia*, preferential or by use of section 544(a)'s strong arm powers.  If section 522(f)(1)(B)(i), through use of the term "fixing," limited a debtor to avoidance of unperfected liens, the

power given by that section would add nothing to a debtor's avoidance powers under section 522(h).

The court must adopt an interpretation of statutory language that "gives meaning to each word of the statute and renders none superfluous."  *See United States v. Valencia*, 394 F.3d 352, 356 (5th Cir. 2004).  This court must assume that section 522(f)(1) confers powers that are distinct from those conferred by section 522(h); namely, section 522(f)(1) gives a debtor the ability to avoid perfected liens that impair his or her exemptions.  Because words used in different parts of the same statute are generally given the same meaning throughout (*see Baggett v. First Nat'l Bank*, 117 F.3d 1342, 1350 (11th Cir. 1997)), the court concludes that Congress chose the term "fixing" in section 547(c)(6), as well as section 522(f), not, as the Trustee would have it, to exclude perfection from the provision's scope, but rather as a term broad enough to cover all steps in a lien's establishment, including perfection.

 The Trustee further argues that an interpretation of the term "fixing" to include the perfection of a lien would neuter the limiting language at the end of section 547(c)(6).  The Trustee argues that if "fixing" in section 547(c)(6) were to include both the attachment of a lien and the perfection of the lien, a trustee would not be able, under section 547(b), to avoid a statutory lien in any circumstance, rendering the language "not avoidable under section 545 of this title" in section 547(c)(6) without force.   The court however, interprets section 547(c)(6) as intended to protect statutory liens generally from avoidance as preferences.[10]  Congress intended statutory liens to be voidable, if at all,

---

[10]     In fact, if "fixing" in section 547(c)(6) did not include perfection of a statutory lien, then any statutory lien requiring perfection would be subject to attack under the Trustee's theory if perfection occurred during the preference period – thus effectively negating the entirety of section 547(c)(6).

under section 545; section 547(b) was not meant to provide a trustee with an alternate theory for attacking statutory liens.[11] *See* 5 Collier on Bankruptcy ¶ 547.04 (15th ed. rev. 2009).

In enacting sections 67(b) and 67(c) of the former Bankruptcy Act, the predecessors of present section 545, Congress intended to provide protection for statutory liens, even though such liens might otherwise be subject to avoidance under the preference provisions. H.R. Rep. 12889, 74th Cong., 211 (1936), 74th Cong. Congress is presumed, when replacing an old statute with a new one, to intend to continue law established under the prior statute unless it evinces a clearly contrary intent. *See Ankenbrandt v. Richards*, 504 U.S. 689, 700 (1992).

   D.    *Judicial Interpretation of Section 547(c)(6)*

Existing caselaw interprets "fixing" as it is used in section 547(c)(6) to include the perfection of a statutory lien. *See, e.g., Matter of R & T Roofing Structures & Commercial Framing, Inc.*, 79 B.R. 22, 26 (D. Nev. 1987) (holding that the government's statutory lien became "fixed" when a notice of lien was properly filed). For the court, the most significant precedent holding that "fixing" in section 547(c)(6) includes perfection is a decision of the Court of Appeals for the Fifth Circuit, *In re Romba*, 416 F.3d 394 (5th Cir. 2005). In *Romba*, the Court of Appeals held that a lien is fixed when a creditor has "perfected his security interest and . . . liability [fastens] to the debtor's property." 416 F. 3d at 500. The Court further held that because the transfer subject to avoidance in

---

[11]     This is not to say that there would never be a case in which avoidance of a statutory lien under section 547(b) would be preferable to use of section 545. Under Code § 546(b), for example, there are limits on a trustee's power to avoid a statutory lien under section 545 that do not apply if avoidance is pursued under section 547(b).

that case involved neither perfection of a security interest nor the fastening of liability to the debtor's property, the transfer did not fall within the scope of "fixing" as used in section 547(c)(6).  *Id*.  While *Romba* is distinguishable from the case at bar on its facts, this court must, at a minimum, show great deference to the construction given by the Court of Appeals to the term "fixing."

  E.  *The IRS's Lien is Not a Secret Lien*

  In his attempt to persuade this court to accept a definition of "fixing" that excludes the perfection of a lien, the Trustee argues that the Code "abhors secret liens." The Trustee suggests that a construction of section 547(c)(6) that would allow the holder of a statutory lien to defer its perfection allows that holder to maintain a secret lien.

  While several courts have, in fact, observed that secret liens are much disfavored, *see, e.g.*, *In re Arnett*, 731 F.2d 358, 363 (6th Cir. 1984), the court does not find the Trustee's argument persuasive because the IRS's lien is not, in fact, a "secret lien".  A "secret lien" is a lien that obtains its validity against intervening interests without any notice to the public and that requires no perfection.  *In re Sheldahl, Inc.*, 298 B.R. 874, 877 (Bankr. D. Minn. 2003).  In order to be valid against others acquiring an interest in the subject property, IRC § 6323 requires a federal tax lien arising pursuant to IRC § 6321 to be perfected by filing of notice in the public records.  IRC § 6323(a).  Because, absent (and until) the filing of notice, the IRS's lien is not valid against those acquiring an interest in property subject to the lien, *see* IRC § 6323(a), the lien is not a secret lien.

  F.  *The Trustee's Equitable Arguments*

  The Trustee argues that because the term "fixing" as used in section 547(c)(6) is ambiguous and the United States government, whose statute it is, is responsible for this

ambiguity, it should be interpreted against the IRS, an arm of the United States. It is a generally accepted principle in criminal law that statutory ambiguities should be construed in a manner that most favors the defendant. This is known as the "rule of lenity." *See United States v. Santos*, 128 S.Ct. 2020, 2025 (2008). Likewise, the Trustee suggests that interpretation of section 547(c)(6) against the IRS is consistent with the maxim of contract construction that when there is an ambiguity, the ambiguity should be construed against the draftsman.

Even if section 547(c)(6) were ambiguous – and the court does not find it so – these principles of construction would not aid the Trustee. The rule of lenity only applies to *criminal laws* determined to be ambiguous. *Santos*, 128 S.Ct. at 2020. The purpose of the rule of lenity is to protect a citizen from "being held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed." *Id*. The maxim of contract construction also is inapplicable here because this case involves interpretation of a statute, not a contract.[12]

Finally, the Trustee advances the argument that interpreting "fixing" in section 547(c)(6) to include perfection would in effect allow the IRS, as well as other taxing authorities, to delay perfection of their assessed tax liens unnecessarily and to the detriment of other creditors. But one of Congress's stated purposes for the exceptions to avoidance under section 547(c) is to encourage certain creditors, including taxing authorities, to continue to deal with debtors and work out repayment without fear that they will lose the benefit of transfers within the preference period. *In re Jones Truck*

---

[12] Even if the rules applicable to construing a contract did apply in this case, the statute was drafted to protect *all* creditors holding statutory liens covered by section 547(c)(6), and this protection includes *any* taxing authority or other holder of a statutory lien. *See* 11 U.S.C. §§ 545(2), 547(c)(6). In the context of exemption from avoidance under section 547(c)(6), the IRS is a taxing authority with a lien protected by sections 545(2) and 547(c)(6), not the draftsman of the statute.

*Lines, Inc.*, 130 F.3d 323, 326 (8th Cir. 1997). If a taxing authority is not protected under section 547(c)(6) from avoidance of its tax lien as a preferential transfer, it may act promptly to file its notice of lien knowing that it could lose its security interest if it delays and, after a late filing of the notice, a bankruptcy case is filed within 90 days. *See Id.* Instead, section 547(c) is in place to ensure protection for certain creditors, including taxing authorities, while encouraging such creditors to work with the debtor and possibly avoid the debtor's bankruptcy altogether. *Id*.

## V. Conclusion

For all the foregoing reasons, the court concludes that the "fixing" of a statutory lien includes its perfection. Because, in the case at bar, the Trustee's claims turn on avoiding the Perfection pursuant to Code § 547(b), and because section 547(c)(6) insulates the Perfection from such avoidance, the Trustee's claims in this adversary proceeding must fail. Accordingly, Plaintiff's MSJ is DENIED and the Cross-Motion is GRANTED. Counsel for the IRS is directed to submit a final judgment consistent with this memorandum opinion.

###End of Opinion###